# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Fredericka Wagner,** *et al.*,

    **Plaintiffs,**

v.

**Circle W. Mastiffs,** *et al.*,

    **Defendants.**

**Case No. 2:08-CV-00431**
**JUDGE SMITH**
**Magistrate Judge Kemp**

**Craig W. Williamson,**

    **Plaintiff,**

v.

**American Mastiff Breeders Council,** *et al.*,

    **Defendants.**

**Case No. 2:09-CV-00172**
**JUDGE SMITH**
**Magistrate Judge Kemp**

## OPINION AND ORDER

This matter is before the Court on Defendant Sandy Taylor's Motion for Summary Judgment (Doc. 193 in Case No. 2:09-cv-172). The motion is fully briefed and ripe for disposition. For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment.

**I.     Background**

This litigation, which involves consolidated cases, has an extensive procedural history that has been documented in previous decisions of this Court, and therefore will not be repeated in its entirety herein. *See, e.g.*, *Wagner v. Circle W. Mastiffs*, 732 F. Supp.2d 792 (S.D. Ohio 2010) (Smith, J.); *Wagner v. Circle W. Mastiffs*, 2011 WL 124226, (S.D. Ohio Jan. 14, 2011)

(Kemp, M.J.).  A brief background of the cases, however, is appropriate.

The issues in these cases center on the breeding and sale of American Mastiff puppies.  In Case No. 2:08–cv–431, Sandy Taylor and others sued Craig Williamson, d/b/a Circle W Mastiffs, and Jennifer Williamson under the Lanham Act, alleging that the defendants had engaged in wrongful conduct that diluted the value of the American Mastiff dog breed.  In Case No. 2:09-cv-172, Plaintiff Craig Williamson sued Defendant Sandy Taylor and others, alleging claims under antitrust law, two claims of defamation, and one claim of intentional interference with a business relationship.  As pertinent to Defendant Taylor's Motion for Summary Judgment, Plaintiff Williamson's two claims of defamation (Counts Six and Seven), and one claim of intentional interference with a business relationship (Count Nine), remain pending against Defendant Taylor.  Plaintiff's other claims against Defendant Taylor were dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant filed her Motion for Summary Judgment on October 16, 2013, Plaintiff filed a response to the motion on November 6, 2013, and Defendant filed a reply on November 20, 2013.  Thus, Defendant's motion is ripe for disposition.

## II.     Summary Judgment Standard

The standard governing summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is appropriate, however, if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.,* 328 F.3d 870, 873 (6th Cir.

2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must view all the facts, evidence and any inferences that may permissibly be drawn from the facts, in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587. The Court will ultimately determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-53. Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). The Court's duty is to determine only whether sufficient evidence has been presented to make the issue of fact a proper question for the jury; it does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249; *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003).

In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Liberty Lobby*, 477 U.S. at 257). The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Liberty Lobby*, 477 U.S. at 252. The nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The Court may, however, enter summary judgment if it concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the presented evidence. *Liberty Lobby*, 477 U.S. at 251-52; *see also Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish

that it is bereft of a genuine issue of material fact." *Street*, 886 F.2d at 1479-80.  That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

### III. Discussion

Defendant Taylor argues that she is entitled to summary judgment in her favor as to Plaintiff's three pending claims against her, which are for defamation (Counts Six and Seven) and intentional interference with business relations (Count Nine).  Defendant Taylor asserts that the factual basis of Plaintiff's claims against her are solely premised on statements made in pleadings filed in this litigation, and therefore she is entitled to judgment in her favor as a matter of law.  In opposing Defendant Taylor's motion, Plaintiff does not directly address the primary argument set forth by Defendant Taylor.  Instead, Plaintiff essentially argues that Defendant Taylor has been untruthful throughout this litigation, and that this untruthfulness has led to his inability to present evidence in support of his claims against her.  Plaintiff requests the Court to punish Defendant Taylor and to ensure her prosecution for allegedly committing perjury and withholding information in this action.

Preliminarily, the Court will address Plaintiff's assertion that Defendant Taylor has committed perjury and withheld information in this litigation, and Plaintiff's corresponding request for this Court to take action against Defendant Taylor.  Defendant Taylor argues that Plaintiff's attempt to discredit her testimony does not address her argument supporting her Motion for Summary Judgment, and that the allegations of her untruthfulness are meritless as they are based on misrepresentations of the record.  First, the Court notes that it is not the Court's role to determine whether witness statements made in a lawsuit are truthful, as "[w]itness credibility is solely within the jury's province[.]" *United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir. 1993).  Thus, Plaintiff's request for the Court to sanction Defendant Taylor for allegedly being untruthful is denied.  Second, Plaintiff's attempt to impeach

Defendant Taylor's credibility does not respond to the factual basis upon which Defendant Taylor moves for summary judgment, making this impeachment effort inconsequential as to the Motion for Summary Judgment.  Third, while Plaintiff argues that Defendant Taylor has "withheld critical information," he can only speculate that she has withheld information beneficial to his case against her.  Therefore, Plaintiff's attempt to discredit Defendant Taylor, and his assertion she withheld pertinent information, is unavailing as it relates to the pending Motion for Summary Judgment.

The Court now turns to the merits of Defendant Taylor's Motion for Summary Judgment. A statement made in a judicial proceeding enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceeding in which it appears.  *Surace v. Wuliger*, 495 N.E.2d 939, syllabus (Ohio 1986) (holding that "as a matter of public policy, under the doctrine of absolute privilege in a judicial proceeding, a claim alleging that a defamatory statement was made in a written pleading does not state a cause of action where the allegedly defamatory statement bears some reasonable relation to the judicial proceeding in which it appears.").  Furthermore, it logically follows that statements that are absolutely privileged under defamation law remain privileged for the purpose of a derivative claim, such as tortious interference, that is based on the privileged statement.  *See Stiles v. Chrysler Motors Corp.*, 624 N.E.2d 238, 244 (Ohio Ct. App. 1993) (applying absolute privilege defense to claim of tortious interference that was based on alleged defamatory statements that were absolutely privileged).

Although there are general allegations of defamation against Defendant Taylor contained in Plaintiff's Amended Complaint, it does not set forth any specific allegedly defamatory statements that were made by Defendant Taylor.  During the course of this litigation, Defendant Taylor propounded Interrogatories on Plaintiff, requesting that he identify any defamatory statement made by Defendant Taylor against him.  In his response, dated August 25, 2013, Plaintiff objected to the request, and stated:

5

> Without waiving these objections, Sandy Taylor, in her Complaint (and in subsequent court filings) stated that Circle W Mastiffs (hereafter referred to as "Circle W") does not breed and sell American Mastiff breed dogs of the breed created by Fredericka Wagner and Flying W Farms --- see paragraph 7. Sandy Taylor, in her Complaint stated that Circle W falsely represented to the public and to others that the maskless Mastiff dogs it sells are to the American Mastiff breed standard and that the maskless Mastiffs were American Mastiffs --- see paragraph 11. Sandy Taylor, in her Complaint stated defendants will be harmed each day Circle K [sic] is able to claim that it sells American Mastiff dogs when its dogs are not American Mastiffs --- see paragraph 15.

(Doc. 193-2 at 6). When asked to identify each statement made by Defendant Taylor that tortiously interfered with his business, Plaintiff, objected to the question, and stated:

> Without waiving these objections, Sandy Taylor in her Complaint made false statements that the Williamsons' dogs were not American Mastiffs, that the Williamsons were misrepresenting their dogs to the public, and that the Williamsons' dogs did not meet the breed standard, when there was no AMBC [American Mastiff Breeders Council] breed standard in effect at that time.

(Doc. 193-2 at 8). At Plaintiff's deposition, held on August 26, 2013, he testified that his interrogatory answers provided an exhaustive summary of Defendant Taylor's alleged misconduct.

As demonstrated by this evidence, Plaintiff's allegations of misconduct, as it relates to his pending claims against Defendant Taylor, are limited to statements made by Defendant Taylor through pleadings submitted in this litigation. Statements made in pleadings, however, are absolutely privileged under defamation law, as long as they reasonably relate to the judicial proceeding in which they appear. Defendant Taylor's allegedly defamatory statements clearly relate to the judicial proceeding in which they appear because they form the basis of her claims against Plaintiff in Case No. 2:08-cv-431. Therefore, the allegedly defamatory statements of Defendant Taylor that form the basis of Plaintiff's defamation claims against her are subject to absolute privilege. Moreover, this privilege extends to Plaintiff's claim that Defendant Taylor's allegedly false statements constituted tortious interference with a business relationship. Because the statements made in pleadings filed with the Court cannot form the basis of Plaintiff's pending claims against Defendant Taylor, he has failed to present competent evidence to create a genuine issue of fact as it relates to said claims.

6

Accordingly, Defendant Taylor is entitled to judgment as a matter of law on all three of Plaintiff's pending claims against her.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Taylor's Motion for Summary Judgment. Insofar as Counts Six, Seven, and Nine of Plaintiff's Amended Complaint in case No. 2:09-cv-172 relate to Defendant Taylor, judgment shall be entered in her favor as to those claims. In view of the previous dismissal of Plaintiff's other claims against Defendant Taylor, no claims remain pending against her, and she is hereby **DISMISSED** from Case No. 2:09-cv-172.

The Clerk shall remove Document 193 in Case No. 2:09-cv-172 from the Court's pending motions list.

**IT IS SO ORDERED.**

    *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**